IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RASHAWN MCKINLEY and<br>KENTRELL WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>CORE CIVIC, et. al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   CIV-19-172-C<br>)<br>)<br>)<br>)<br>) |

## ORDER

In this 42 U.S.C. § 1983 action, Plaintiffs, state prisoners appearing *pro se* and *in forma pauperis*, allege their constitutional rights have been violated while incarcerated at Cimarron Correctional Facility ("CCF"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Having reviewed the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B), the undersigned finds the Complaint is deficient in several respects.

Although Plaintiffs' *pro se* pleadings must be liberally construed, their *pro se* status does not excuse them from complying with the fundamental requirements of the Federal Rules of Civil Procedure. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Plaintiffs' Complaint is deficient under Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

"Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The procedural rule "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotations and brackets omitted). *See Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) ("Rule 8 demands more than naked assertions and unexplained citations to voluminous exhibits."). To avoid dismissal of an action for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. §§ 1915A(b), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations omitted).

Plaintiffs' Complaint, which the Court construes broadly, potentially

asserts several claims. *See generally* Doc. No. 1 ("Comp."). Plaintiffs assert allegations supporting potential claims under the Eighth Amendment based on inadequate medical care and conditions of confinement. *Id.* at 18-21. Plaintiffs' allegations may also implicate an Eighth Amendment excessive force claim. *Id.* at 18, 19. Finally, Plaintiffs may be attempting to assert a First Amendment retaliation claim. *Id.* at 18. Plaintiff names twelve Defendants in their Complaint: Core Civic, Owner of CCF; Damon Hininger, Core Civic CEO; Lieutenant E. Hebert; Lieutenant Hall; Sergeant Plural; Mrs. Beaming, whom they identify as a doctor; Core Civic medical staff; Case "Contalor" Light; Commanding Officer Lee; Sergeant Vansteenbergh; Commanding Officer Beard; and Raymond Byrd, CCF Warden. *Id.* at 2-4, 12-15.

As an initial matter, Plaintiffs' allegations are wholly unclear with regard to which of them is asserting each claim. The factual allegations are written entirely in the first person. For example, as the basis for a potential First Amendment claim, the Complaint states, "I was taken to segregation because of what I said . . . ." *Id.* at 18. Neither the Court, nor any future defendants in this matter, can distinguish which Plaintiff is asserting this allegation and corresponding claim. Similarly, one of the Plaintiffs apparently contends he attempted to commit suicide due to someone's failure to provide appropriate

3

mental health treatment. *Id.* at 18-19, 21. Construing the Complaint broadly, these allegations may support an Eighth Amendment claim, however, again, the Court cannot determine who is asserting this claim. There are also repeated references to events that affect a Plaintiff's "cell mate" and while this may refer to a co-Plaintiff, that is not clear from the Complaint.

Similarly, Plaintiffs name twelve different Defendants in this matter but do not identify each of the Defendants within their claims and/or factual allegations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiffs never identify any actions on the part of Defendants Hininger, Plural, or Byrd that allegedly violated Plaintiff's constitutional rights. Thus, even liberally construed, Plaintiffs' Complaint does not "identify specific actions taken by particular defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quotations omitted). In *Pahls*, the Tenth Circuit reiterated that a plaintiff's "undifferentiated contention that 'defendants' infringed his rights" is insufficient to state a § 1983 claim because "a plaintiff must show that each defendant acted with the requisite state of mind." *Id.*

Plaintiffs' claims against Defendants Hininger and Byrd appear to be based solely on their role as Core Civic CEO and CCF Warden, respectively. Comp. at

2, 12, 15. However, § 1983 does not allow a plaintiff to impose liability upon a defendant-supervisor based on "a theory of respondeat superior." *Cox v. Glanz*, 800 F.3d 1231, 1248 (2015). Liability for a constitutional violation must instead be satisfied by establishing defendant-supervisor's personal participation in the violation of the plaintiff's constitutional rights, or by showing the supervisor created, promulgated, or implemented "a policy which subjects, or causes to be subjected that plaintiff to the deprivation of any rights secured by the Constitution." *Id.* (quotations and alterations omitted).

"A plaintiff arguing for the imposition of supervisory liability therefore must show an affirmative link between the supervisor and the constitutional violation." *Id.* (quotations omitted). The requisite showing of an "affirmative link" between a supervisor and the alleged constitutional injury has "[come] to have three related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." *Id.* (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)); *see also Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1234 (D. Utah 2016) (holding that allegations which stated only that plaintiff believed supervisors "personally directed the violation of constitutional rights or had knowledge of the violation and acquiesced to its continuance" was "nothing more than a recital of the elements of a supervisory

5

liability claim and [was] therefore insufficient to state a claim for relief."). Further, any theory of liability against a supervisory defendant based solely upon mere "acquiescence" has been rejected by the United States Supreme Court. *See Iqbal*, 556 U.S. at 677 (rejecting the respondent's argument that "under a theory of supervisory liability, petitioners can be liable for knowledge and acquiescence in their subordinates' use of discriminatory criteria to make classification decisions among detainees." (quotations omitted)).

Similarly, in order to support a constitutional claim, Plaintiffs must identify the defendant who participated in the underlying actions. For example, Plaintiffs describe an incident in a shower that could implicate Eighth Amendment excessive force concerns. Comp. at 18. However, Plaintiffs merely state, "[T]hey [t]azed me and strip[p]ed me . . . ." without identifying an individual defendant(s). *Id.* "Because § 1983 [actions] are vehicles for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. '[I]t is particularly important' that plaintiffs 'make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations.'" *Pahls*, 718 F.3d at 1225 (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (alteration in original)).

Moreover, with regard to the substantive claims Plaintiffs are attempting to assert, the basis for many of them is unclear and/or insufficient. For example, one of the Plaintiffs states that Lt. Hebert placed him in segregation based on a discussion Lt. Hebert overheard in which Plaintiff stated that someone was a man dressed as a woman. Comp. at 18.[1] Plaintiff asserts that Lt. Hebert's actions violated Plaintiff's First Amendment rights.

"'The first inquiry a court must undertake when a First Amendment claim is asserted is whether the plaintiff has engaged in protected speech.'" *Sexton v. Hickenlooper*, No. 13–cv–01008–MSK–KMT, 2014 WL 1091936, at *11 (D. Colo. March 19, 2014) (quoting *Goulart v. Meadows*, 345 F.3d 239, 246 (4th Cir. 2003) (additional quotations omitted)). Thus, to state a claim for violations of his First Amendment rights, a plaintiff must allege he was engaged in (1) speech that was (2) protected. *Weise v. Casper*, 593 F.3d 1163, 1168 (10th Cir. 2010) ("For the First Amendment to bar the government from taking action against a speaker, the speaker's activity in question must be (1) speech and (2) protected."). In order to receive First Amendment protection, an inmate's speech must relate to a matter of public concern. *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005) (holding that an inmate's inquiry about pay for lost job was not a matter of public concern

---

[1] Plaintiff contends he was discussing a character in a movie. *Id.*

and therefore, not entitled to First Amendment protection). It is unlikely a discussion of a male movie character dressed as a woman is speech protected by the First Amendment as a matter of public concern.

Plaintiffs also contend that one or perhaps both of them have been deprived of necessary medication for mental illness and been denied medical attention. Comp. at 18-20, 21. These allegations may implicate Eighth Amendment concerns. Plaintiffs should note that the United States Supreme Court has held that an inmate advancing an Eighth Amendment claim based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991). With respect to the subjective component, a prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Additionally, Plaintiffs assert that their conditions of confinement constitute violations of the Eighth Amendment, such as a skipped meal, being prohibited from washing their clothing for two weeks, and having only hot water in their cell for ten days. Comp. at 19, 20-21. As its prohibition against cruel and unusual punishment is interpreted, the Eighth Amendment imposes duties on prison officials to "provide humane conditions of confinement . . . [by] ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care" and "tak[ing] reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832 (quotations omitted). In order to assert a viable claim, a plaintiff must allege a sufficiently serious deprivation of a basic human need in order to constitute an Eighth Amendment violation. *See Toevs v. Millyard,* 563 F. App'x 640, 646 (10th Cir. 2015) ("A one-time denial of 'nine consecutive meals' during a three-day period for . . . infractions simply does not rise to the level of a constitutional violation in the absence of any lasting harm or injury and a culpable state of mind."). Plaintiffs should be aware their more general complaints may amount to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 (4th Cir. 1993) (quotations omitted); *see also Hadley v. Peters*, 70 F.3d 117 (7th Cir. 1995) ("Prisons are not required to provide and

prisoners cannot expect to receive the services of a good hotel." (quotations omitted)).

Plaintiffs are given the opportunity to file an Amended Complaint to allege their constitutional claims. Plaintiffs are advised that the "broad reading" of their pleadings dictated by *Haines, supra*, "does not relieve [them] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court reviewing the sufficiency of a Complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiffs may file an amended complaint on or before __April 29th__, 2019.

Dated this __9th__ day of April, 2019.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE