IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RASHAWN MCKINLEY and )
    KENTRELL WILLIAMS, )
                                                              )
                Plaintiffs, )
                                                              )    CIV-19-172-C
v. )
                                                             )
CORE CIVIC, et. al., )
                                                             )
                Defendants. )

REPORT AND RECOMMENDATION

Plaintiffs, state prisoners appearing *pro se* and *in forma pauperis*, bring this action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Having reviewed the sufficiency of the Amended Complaint pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B), the undersigned recommends certain of Plaintiffs' claims be dismissed.

I. Background Information

Plaintiffs filed their initial Complaint on February 22, 2019. Doc. No. 1. Following some delay in Plaintiffs properly seeking to leave to proceed in forma pauperis and/or pay the requisite filing fee, the Court issued an Order on April 9, 2019, explaining, *inter alia*, that because the allegations contained within their

Complaint were written entirely in the first person, the Court was unable to decipher whether one or both of them was attempting to assert each claim. *See generally* Doc. No. 13. The Court provided Plaintiffs an opportunity to cure the deficiencies discussed within the Order by filing an amended pleading. *Id.* at 10.

On April 29, 2019, Plaintiffs filed an Amended Complaint. *See generally* Doc. No. 17 ("Am. Comp."). Construing the same broadly, it appears Plaintiffs are attempting to assert twelve claims. Specifically, Plaintiff McKinley asserts a First Amendment retaliation claim, *see id.* at 10-11, an Eighth Amendment claim based on excessive force, *see id.* at 11-12, and two such claims based on inadequate medical care. *Id.* at 13-15. Plaintiff Williams asserts a First Amendment retaliation claim, *see id.* at 15-16, an Eighth Amendment claim based upon excessive force, *see id.* at 15-16, and an Eighth Amendment claim based upon inadequate medical care. *Id.* at 20-21. Plaintiffs jointly assert two First Amendment retaliation claims, *see id.* at 16-19, and three Eighth Amendment claims based upon conditions of confinement. *Id.* at 16-20. Finally, Plaintiffs name twelve Defendants in their Amended Complaint: Lieutenant E. Hebert; Lieutenant Hall; Mrs. Beaming, whom they identify as a doctor; Core Civic medical staff; Case "Contalor" Light; Commanding Officer ("CO") Lee; Sergeant Vansteenbergh; CO Beard; Core Civic Sort Team; CO Cavin; Unit Manager

2

Battles, and Sgt. Plural. *Id.* at 1-2, 5-8, 15.

II. <u>Screening of Prisoner Complaints</u>

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). After conducting an initial review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in

fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

III. <u>Plaintiffs' Independent Claims</u>

As explained above, Plaintiffs jointly assert five claims in this lawsuit. Permissive joinder of parties is governed by Rules 20 and 21 of the Federal Rules of Civil Procedure. Rule 20(a) provides, in pertinent part:

> (1) Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a). "Generally, '[R]ule 20(a) is aimed at promoting trial convenience and expediting the final determination of disputes, thereby preventing multiple lawsuits.'" *Birdwell v. Glanz*, 314 F.R.D. 521, 524 (N.D. Okla. 2015) (quoting *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 616 (D. Kan. 2006)). Each of Plaintiffs' joint claims are based upon essentially the same set of factual occurrences and are asserted against the same Defendants. Am. Comp. at 16-20. Thus, as to those claims, Plaintiffs clearly meet Rule 20(a)'s requirements for joinder.

However, in addition to their jointly asserted claims, Plaintiffs also assert

4

seven claims individually that rely on independent factual circumstances and/or allegations that are unrelated to their fellow Plaintiff. For example, Plaintiff McKinley asserts an Eighth Amendment claim of inadequate medical care based upon allegations that Defendant Beaming failed to provide the proper medication for Plaintiff's mental health condition(s). *Id.* at 13-14. Plaintiff Williams asserts an Eighth Amendment claim of excessive force based upon allegations that on December 19, 2018, Defendant Vansteenbergh placed his fingers inside Plaintiff Williams' handcuffs. *Id.* at 15-16.

"While joinder is encouraged to promote judicial economy, the Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Shelton v. City of Salina*, No. 19-3039-SAC, 2019 WL 1877161, at *3 (D. Kan. April 26, 2019) (quotations omitted). Where there is misjoinder of parties or claims, Rule 21 allows the court, on its own initiative at any stage of the litigation, to drop any party or sever any claim. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *see also Nasious v. City & Cty. of Denver Sheriff's Dep't*, 415 F. App'x 877, 881 (10th Cir. 2011) (explaining that to remedy misjoinder, a court has two options: (1) misjoined parties may be dropped or (2) any claims against

5

misjoined parties may be severed and proceeded with separately).

Here, Plaintiffs have failed to satisfy both prongs of Rule 20(a)'s requirements for permissive joinder with regard to their numerous independently asserted claims. Even under Rule 20(a)'s liberal standard, a review of Plaintiffs' Amended Complaint reflects that, with the exception of the five jointly asserted claims, each Plaintiff asserts a claim for relief for separate claims of constitutional deprivations. These alleged deprivations were caused by different Defendants, and the alleged injuries vary greatly depending on the differing factual circumstances alleged by each Plaintiff. *See Gillon v. Fed. Bureau of Prisons*, 424 F. App'x 722, 725-26 (10th Cir. 2011) (holding that the amended complaint, combining separate and unrelated claims arising out of different incidents, was "clearly insufficient for purposes of Rule 20(a)").

Plaintiffs' independent claims also fail to satisfy the second prong of the requirements for permissive joinder. Although Plaintiffs' claims allege constitutional deprivations, with the exception of the five claims asserted jointly, each Plaintiff has asserted claims involving different factual circumstances and potentially different legal issues, including exhaustion of administrative remedies, that militate against joinder. *See, cf.,* 42 U.S.C. § 1997e(a) (no action may be brought by prisoner with respect to prison or jail conditions unless the prisoner

has exhausted available administrative remedies); *see also*, *cf., Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act, see 28 U.S.C. § 1915(b), (g)." (quotations omitted)).

Additionally, Plaintiffs have each submitted claims that require individualized screening pursuant to 28 U.S.C. § 1915. Because 28 U.S.C. § 1915(g) imposes a "strike" upon the dismissal of a frivolous pleading, joinder in this instance might result in one Plaintiff avoiding the risk of a "strike" under 28 U.S.C. § 1915(g) if the other Plaintiff states a claim. This result is inconsistent with the goals of 28 U.S.C. § 1915 to curb frivolous complaints and appeals filed in federal courts. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, . . . to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to [three] the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."); *see also, cf., Dopp v. Jones*, No. CIV–14–961–D, 2014 WL 5795787, at *1 (W.D. Okla. Nov. 6, 2014) ("The Court stands by its conclusion that Plaintiff may not avoid the filing restrictions of

7

§ 1915(g) by improperly joining two unrelated actions in one pleading and he is entitled to proceed IFP only for an action that satisfies the imminent danger exception.").

Based on this analysis, the undersigned finds that only those claims Plaintiffs have asserted jointly should proceed as they arise from the same occurrences, involve the same or similar legal issues, and are asserted against the same Defendants. Plaintiffs' jointly asserted causes of action are contained within Claims Six, Seven, and Eight and are comprised of two First Amendment retaliation claims and three Eighth Amendments claims based upon conditions of confinement. Am. Comp. at 16-20.

The undersigned finds that Plaintiffs' seven independent claims do not arise out of the same transaction or occurrence and no question of fact is common to each claim. Thus, the Court should conclude that Plaintiffs have misjoined the independent claims and their corresponding Defendants. The undersigned further finds that severing the seven independent claims would not prejudice Plaintiffs as the events upon which each claim relies occurred in 2018 or 2019 and therefore, Plaintiffs are not at risk of their claims being time-barred upon refiling of separate lawsuits. *See Kerchee v. Smith*, No. CIV–11–459–C, 2011 WL 4497778, at *3 (W.D. Okla. July 6, 2011) (noting that in considering whether to sever claims that

were improperly joined, "the Court should consider whether dismissal would result in expiration of the limitations period before the Plaintiffs could file a new suit." (citing *Nasious*, 415 F. App'x at 881)). Accordingly, pursuant to Fed. R. Civ. P. 21, Plaintiffs' independent claims and the corresponding Defendants should be dismissed without prejudice.

IV. First Amendment Claims[1]

    a. Claim Six

In their sixth claim, Plaintiffs describe a nine to ten day time period in January 2019 in which the sink in their cell would only release hot water. Am. Comp. at 16-17. They reported the issue to various Defendants but it was not fixed for approximately ten days. *Id.* Based on these allegations, Plaintiffs assert a First Amendment retaliation claim.

First Amendment retaliation claims are most often brought in the public employment context. *McCook v. Springer Sch. Dist.*, 44 F. App'x 896, 903 (10th Cir. 2002). However, when a plaintiff is not an employee of and has no contractual relationship with the defendant, Tenth Circuit caselaw suggests applying the substantive standard set forth in *Worrell v. Henry,* 219 F.3d 1197

---

[1] As the undersigned has recommended that Claims Six, Seven, and Eight proceed, the Court is obligated to review the same pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B).

(10th Cir. 2000). The *Worrell* standard requires proof of the following elements to support a First Amendment retaliation claim: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. *Id.* at 1212; *see also, cf., McCook*, 44 F. App'x at 902 (applying *Worrell* standard outside the public employment context).

In order to allege constitutionally protected activity, and thus establish the first element of a First Amendment retaliation claim, the speech in question must relate to a matter of public concern. *See Denson v. Maufeld*, No. 09–cv–02087–WYD–KLM, 2010 WL 3835834, at *11 (D. Colo. May 19, 2010) (noting that a First Amendment retaliation claim asserted by a *pro se* inmate requires the subject speech to "involve a matter of public concern or an issue of public importance" (quotations omitted)); *Anglin v. City of Aspen, Colo.,* 552 F.Supp.2d 1205, 1227 (D. Colo. 2008) (applying *Worrell* to require the subject speech relate to a matter of public concern in considering First Amendment claim brought under 42 U.S.C. § 1983 by state pre-trial detainee). *See also McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005) (holding that an inmate's inquiry about pay for lost job was not a

10

matter of public concern and therefore, not entitled to First Amendment protection).

The only speech and/or conduct Plaintiffs include in their allegations underlying this claim involves their reporting of the water problem in their cell. Based on the law and analysis previously discussed, it is highly unlikely their reports would constitute protected speech. *Id.* However, it is unnecessary to resolve this issue because Plaintiffs' claim clearly fails under the second and third elements as they do not allege any retaliatory conduct on the part of any Defendant. *Id.* Plaintiffs indicate the repairs were delayed for ten days but they do not allege a defendant took any adverse action against them due to their reporting or requests for repair, nor do they indicate the repairs were delayed due to the same. Thus, Plaintiffs' First Amendment retaliation claim included within their sixth claim for relief should be dismissed. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (noting that a prisoner must identify "specific facts" to establish retaliation); *Morris v. Fallin*, No. CIV-16-1297-D, 2017 WL 1683906, at *15 (W.D. Okla. March 29, 2017) (recommending dismissal of First Amendment retaliation claim where the plaintiff failed to include specific factual allegations regarding retaliatory conduct related to the plaintiff's protected conduct), *adopted,* 2017 WL 2709755 (W.D. Okla. June 23, 2017).

b. <u>Claim Seven</u>

In their seventh claim, Plaintiffs again purport to assert a First Amendment retaliation claim. Similar to the previous claim, however, they fail to allege any particular protected activity or retaliatory conduct. Plaintiffs state that on December 19, 2018, CO Norman did not serve them lunch and when they inquired as to why, CO Norman explained that Lt. Hall and CO Light told CO Norman that Plaintiffs were on food port restriction. Am. Comp. at 18. CO Light subsequently stated that only Lt. Hall had indicated Plaintiffs were on food port restriction. *Id.* After Plaintiffs began kicking and beating on the door, two employees asked why they were behaving in that manner and Plaintiffs explained they had not received lunch. *Id.* Both employees said that they would check into it. *Id.*

Plaintiffs have not asserted any allegations indicating retaliatory conduct occurred in relation to speech or activity on their part. According to the Amended Complaint, Plaintiffs were being denied lunch prior to any action on their part and they do not allege any retaliatory conduct occurred after they complained about the same. Thus, Plaintiffs' First Amendment retaliation claim set forth in claim seven should be dismissed for failure to state a claim upon which relief could be granted. *See Morris, supra.*

V. Eighth Amendment Claim (Claim Seven)

Plaintiffs contend that on December 29, 2018, they were not served lunch. Am. Comp. at 18-19. The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citations and quotations omitted). Indeed, prison conditions may be "restrictive and even harsh . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, [prison] officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (quotations omitted).

Because the sufficiency of a conditions of confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th

13

Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Despain,* 264 F.3d at 974. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations . . .' may meet the standard despite a shorter duration." *Id.*

Missing one meal does not constitute a deprivation so serious as to implicate Eighth Amendment concerns and Plaintiffs do not indicate any lasting harm resulting from the same. *See Toevs v. Millyard,* 563 F. App'x 640, 646 (10th Cir. 2015) ("A one-time denial of 'nine consecutive meals' during a three-day period for . . . infractions simply does not rise to the level of a constitutional violation in the absence of any lasting harm or injury and a culpable state of mind."). Accordingly, Plaintiffs' Eighth Amendment conditions of confinement claim based upon missing one meal on December 19, 2018 should be dismissed.

## RECOMMENDATION

Based on the foregoing findings, it is recommended the causes of action included within Plaintiffs' Claims One, Two, Three, Four, Five, and Nine be dismissed without prejudice, pursuant to Federal of Civil Procedure 21, as

improperly joined in this lawsuit. Additionally, the undersigned recommends Plaintiffs' First Amendment claims within Claims Six and Seven and Plaintiffs' Eighth Amendment claim based upon conditions of confinement also within Claim Seven be dismissed without prejudice for failure to state a claim upon which upon which relief can be granted. As a result, Defendants Lt. E. Hebert, Dr. Beaming, Sgt. Vansteenbergh, CO Beard, and the Core Civic Sort Team should be dismissed. Plaintiffs' Eighth Amendment claims based upon conditions of confinement asserted in Claims Six and Eight should proceed at this time.[2]

Plaintiffs are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by  May 27th , 2019, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended

---

[2] The undersigned notes that on May 6, 2019, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation in another lawsuit brought in this Court by Plaintiff Kentrell Williams, *see Williams v. Plural, et. al.*, Case No. CIV-19-396-C, Doc. No. 5. Therein, Judge Mitchell recommended dismissal of several of Plaintiff Williams' claims because they were duplicative of claims asserted in multiple lawsuits Plaintiff Williams has filed in this Court, including the present lawsuit. *Id.* Among the claims Judge Mitchell recommended dismissing based on their duplicative nature is an Eighth Amendment excessive force claim that Plaintiff Williams asserted as Claim Five in the present lawsuit. As set forth herein, the undersigned has recommended dismissing said claim as improperly joined. The undersigned notes that Plaintiff Williams' folly in improperly asserting the same claim in multiple lawsuits does not negate the fact that said claim is improperly joined in the present lawsuit. Notably, among the remaining claims Judge Mitchell recommended dismissing based upon their duplicative nature are Claim Six, which the undersigned has recommended proceed at this time, and Claim Eight, which the undersigned has recommended dismissing based upon Plaintiffs' failure to state a claim upon which relief can be granted.

ruling. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this  7th  day of   May , 2019.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE