IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RASHAWN MCKINLEY,          )
                          )
        Plaintiff,        )
                          )
v.                        )          No. CIV-19-172-C
                          )
CORE CIVIC, et. al.,      )
                          )
        Defendants.       )

ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed his initial Complaint in this 42 U.S.C. § 1983 civil rights action on February 22, 2019. Doc. No. 1. United States District Judge Robin J. Cauthron referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

On June 19, 2019, the Court entered an Order Requiring Service and Special Report ("Order") instructing Plaintiff to complete the necessary service papers and furnish the same to the Court Clerk within twenty-one (21) days. Doc. No. 23 at 3. Because Plaintiff is proceeding *in forma pauperis*, upon receipt of said papers, the United States Marshal Service would attempt to serve Defendants on Plaintiff's behalf. *Id.* at 3-4. The Court directed Plaintiff to complete service of process no later than 90 days from the date of the Order. *Id.* at 4. To date, Plaintiff has failed to submit the necessary service papers and service of process has not been

1

completed.[1]

Federal Rule of Civil Procedure 4(m) provides that when a defendant is not served with process and a copy of the complaint within the applicable deadline, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Even though Plaintiff appears *pro se*, he is responsible for serving Defendants with a summons and a complaint. *See* Fed. R. Civ. P. 4(c)(1); *DeCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (recognizing that even though plaintiff was *pro se* he was "obligated to follow the requirements of Fed. R. Civ. P. 4").

Accordingly, Plaintiff is ORDERED to show cause within ten (10) days of the date of this Order why this cause of action should not be dismissed without prejudice due to Plaintiff's failure to comply with the Court's Order directing him to complete and return the necessary service papers and to timely serve Defendants pursuant to Fed. R. Civ. P. 4(m).  *See Constien v. U.S.,* 628 F.3d 1207, 1210 (10th Cir. 2010) (recognizing a court's authority to dismiss an action without prejudice based on a plaintiff's failure to comply with Fed. R. Civ. P. 4(m)); *Reed v. Bennett*, 312 F.3d

---

[1] On July 5, 2019, the Court received a letter from Plaintiff requesting "service forms or Form USM-285."  Doc. No. 24.  The Clerk of Court mailed the same to Plaintiff on July 8, 2019.

1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").

IT IS SO ORDERED this  9th   day of   October , 2019.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE